I think the interest intended by the testator for the heirs of the body of John and Parthenia Wyatt is contingent, and does not vest in them until the death of their mother, who survived their father, and that then they take as purchasers.
I think the words heirs of their bodies lawfully begotten are a description of the persons intended to take, because the words equally tobe divided between them, to them and their heirs forever, give them a fee simple, and if they have a fee simple, they do not take it because they are the heirs general of their father and mother, but because the testator by using those latter words has given it to them. If, then, they have a fee simple by those latter words, they take nothing by the words heirs of theirbodies, etc., as used in a technical sense; the only office of those words must be to ascertain, at Mrs. Wyatt's death, the persons who shall be entitled to take; before the happening of that event it cannot be done, fornemo est haeres viventis.
We have been urged to consider the words heirs of the body as issue or children, in order to let the property vest. But I cannot discover in the will any clause that justifies a departure from the words used by the testator; it is not likely that he intended that the children of John and Parthenia should have any control over the property before they got it into their possession. I, therefore, think that the real and personal property in question did not vest in William Wyatt during his life, and of course he conveyed nothing by the deed which he executed to the *Page 110 
complainants. But there is another view of this case, taken by my brotherHenderson, to which I altogether subscribe, which leads to the same result, and that is, that the words heirs of the body give an estate in fee by purchase, although there is an estate for life to the parent (255) preceding it; because heirs of the body are not heirs general, and our law, since estates tail are done away, recognizes none as heirs except such as can inherit collaterally as well as lineally; and that, although where there is an estate for life to the parent, remainder to his heirs, both estates unite in the parent under the operation of Shelley'scase, yet there can be no such union where the remainder is to heirs of the body; our law knows of no such heirs. Of course, they are words of description, and those that take under them must take as purchasers. In England the case is otherwise, because heirs of the body are recognized as heirs; they can inherit as such.
I also think, for the reasons given by Judge Henderson, that the personal estate in this case is to be governed by the same rules of law as the real estate.
Cited: Leathers v. Gray, 96 N.C. 551; s. c., 101 N.C. 167.
Questioned and held doubtful authority: Chambers v. Payne, 59 N.C. 279;Nichols v. Gladden, 117 N.C. 504.